UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN LaPLANTE,

      Plaintiff,                  Civil Action No. 22-10035

v.                              Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [#20] AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation. **[ECF No. 20]** Timely objections and a response to the objections were filed. **[ECF Nos. 22 and 23]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching her conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397.

1

The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.  Plaintiff has lodged three objections to the Report and Recommendation. The Court notes that much of the argument in support of Plaintiff's objections is a reiteration of arguments presented in her summary judgment brief and reply, an approach that is not appropriate or sufficient. *See, e.g., O'Connell v. Comm'r of Soc. Sec.*, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34 (D.P.R. 2004)).

OBJECTION No. 1:  Plaintiff contends that the ALJ erred when evaluating Plaintiff's migraine headaches, including only assessing her migraine headaches in the same paragraph as her pseudo seizures, such that there was no path of sufficiently clear rationale for the Court to trace.  This objection largely regurgitates Plaintiff's arguments in her summary judgment brief and reply.  Like the Magistrate Judge, the Court finds that substantial evidence supports the ALJ's conclusion regarding the migraine headaches, even though a different conclusion or rationale was plausible. Specifically, there is evidence that Plaintiff's migraine headaches improved

(decreased in number and disruptiveness) with medication (Aimovig).  The Court likewise finds that, notwithstanding Plaintiff's belief to the contrary, the ALJ reasonably took Plaintiff's migraine headaches into account when fashioning the RFC.  The Court denies Plaintiff's first objection.

OBJECTION No. 2:  Plaintiff contends that the ALJ did not appropriately address her pseudo seizures, specifically at step three, when "incorrectly suggesting that the evidence of pseudo seizures was almost entirely made up of self-report." Again, Plaintiff's argument largely mirrors the arguments made in her motion for summary judgment and reply brief.  The Court notes that much of the ALJ's discussion of pseudo seizures pertained to whether those seizures could be considered in conjunction with Listing 11.02.  As the ALJ determined, pseudo seizures cannot be considered for that purpose, a determination the Magistrate Judge concluded was correct – and Plaintiff's objections do not challenge that conclusion.

Plaintiff argues that the ALJ erroneously relied upon Dr. Mashalkar's statement that her pseudo seizures "are psychogenic in nature and not true seizures and they should not limit her ability to work."  This argument ignores that the ALJ: (a) did not consider that statement outcome determinative; (b) found Plaintiff's pseudo seizures severe at step two; and (c) included restrictions in the RFC to reflect limitations regarding that impairment.  Accordingly, the Court denies Plaintiff's second objection.

OBJECTION No. 3: Plaintiff asserts that the ALJ's evaluation of her subjective complaints is not supported by substantial evidence, such that the Court Court should remand this matter for proper consideration of her subjective complaints. Plaintiff's primary basis for this contention is the ALJ's "flawed reasoning" *vis a vis* Plaintiff's migraine headaches and pseudo seizures. As discussed above, however, the Court finds that substantial evidence supports the ALJ's determinations regarding those conditions. The Court likewise is not persuaded by Plaintiff's suggestion that the ALJ did not comply with SSR 16-3p's requirement to "use all of the evidence and . . . consider certain factors, such as daily activities; the location, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate symptoms" and other factors. For these reasons, the Court denies Plaintiff's third objection.

In conclusion, as always, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004). For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations that Plaintiff challenges in her objections, was supported by substantial evidence and was not based on any legally erroneous determination. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Elizabeth A. Stafford **[ECF No. 20, filed January 6, 2023]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Objections **[ECF No. 22, filed February 10, 2023]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 12, filed September 26, 2022]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 16, filed November 22, 2022]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
DATED:  March 31, 2023            United States District Judge